# EXHIBIT A

"Insurance Documents-Policy"

HISCOX
encourage courage®

Hiscox Insurance Company Inc.

# Your Insurance Documents

Enclosed you will find the policy documents that make up your insurance contract with us.

Please read through all of these documents. If you have any questions or need to update any of your information please call us at 844-357-0840 (Mon-Fri, 7am-10pm ET).

## Your insurance documents

**Declarations Page**
This contains specific policy information, such as the limits and deductibles you have selected.

**Policy Wording**
This details the terms and conditions of your coverage, subject to policy endorsements.

**Endorsements**
These documents modify the Policy Wording or Declarations Page. These include relevant terms and conditions as required by your state and are part of your policy.

**Notices**
These documents provide information that may affect your coverage such as optional terrorism coverage (if purchased) and other important items required by your state.

**Application Summary**
This is a summary of the information that you provided to us as part of your application. Please review this document and let us know if any of the information is incorrect.

## Reporting a claim

Please inform us immediately if you have a claim or loss to report. Please have your policy number available, which can be found on the declarations page, so we can handle your call quickly. Contact us via the methods below or file a claim using our online form at https://www.hiscox.com/manage-your-policy/claims-center.

**Email:** reportaclaim@hiscox.com

**Phone:** 866-424-8508

**Mail:**   Hiscox Claims Center
5 Concourse Parkway
Suite #2150
Atlanta, GA 30328



# Declarations Page



**HISCOX INSURANCE COMPANY INC. (A Stock Company)**

104 South Michigan Avenue, Suite 600, Chicago, Illinois 60603
(914) 273-7400

# Professional Liability Errors & Omissions Insurance Declarations

**This is a "Claims Made and Reported" Policy in which Claim Expenses are included within the Limit of Liability unless otherwise noted. Those words (other than the words in the captions) which are printed in Boldface are defined in the Policy.**

| | | |
|---|---|---|
| | Declaration Effective Date: | April 13, 2022 |
| | Policy No.: | P100.205.151.3 |
| | Renewal of: | UDC-4459508-EO-21 |
| 1. | Named Insured: | Abercrombie Insurance Services |
| 2. | Address: | 412 Crims Creek Way<br>Irmo, SC 29063 |
| | Email Address: | trey@abercrombie-ins.com |
| 3.A. | Limit of Liability: | $1,000,000   Each Claim |
| 3.B. | | $1,000,000   Aggregate for all Claims |
| 4. | Deductible: | $2,500   Each Claim |
| 5. | Notice: | Phone:   866-424-8508<br>Email:   reportaclaim@hiscox.com<br>Mail:   Hiscox<br>520 Madison Avenue-32nd Floor<br>Attn: Direct Claims<br>New York, NY, 10022 |
| 6. | Policy period: | From: April 13, 2022   To: April 13, 2023 |
| | | At 12:01 A.M. (Standard Time) at the address shown above. |
| 7. | Retroactive Date: | April 13, 2020 |
| 8. | Premium: | $2,695.00 |
| 9. | Attachments: | |

---

DPL D001 CW (11/19) - Professional Liability Errors & Omissions Insurance Declarations

DPL P001 CW (05/13) - Professional Liability Coverage Form

DPL E5424 CW (02/15) - Blanket Additional Insured Endorsement

DPL E5626 CW (08/21) - Insurance Agent Services Endorsement

DPL E5121 SC (01/10) - South Carolina Amendatory Endorsement

INT N003 CW (01/19) - Policyholder Notice Electronic Delivery

INT N001 CW (01/09) - Economic And Trade Sanctions Policyholder Notice

---

# HISCOX

**encourage courage®**

## HISCOX INSURANCE COMPANY INC. (A Stock Company)

104 South Michigan Avenue, Suite 600, Chicago, Illinois 60603
(914) 273-7400

IN WITNESS WHEREOF, the Insurer indicated above has caused this Policy to be signed by its President and Secretary, but this Policy shall not be effective unless also signed by the Insurer's duly authorized representative.

President

Secretary

Authorized Representative
Date: April 13, 2022



# Policy Wording



| PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS INSURANCE |

© Hiscox Inc. All rights reserved.     DPL P001 CW (05/13)



**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

## ABOUT THIS POLICY

The Hiscox Professional Liability – US Direct policy is designed to offer coverage for the risks entities face in performing their **Professional Services**.  **We** urge **You** to read this Policy carefully so **You** understand the insurance that **You** have purchased, and the full extent of **Your** and **Our** rights and duties under this Policy. Please note that all words and phrases that appear in bold-type (except headings) have special meaning and are defined in the Definitions section of this Policy.  Coverage for all **Claims** is subject to the entire terms and conditions of the policy.

**Coverage for Claims Made Against You**

**You** have purchased insurance that provides coverage for **Claims** made against **You**. **We** will pay **Damages** on **Your** behalf for any **Claim** that falls within the Insuring Agreement and within all of the terms and conditions outlined in the policy.  Covered **Claims** are for **Your Wrongful Acts** in providing or failing to provide **Professional Services**.  To determine who is an **Insured** please refer to the Definitions and Spousal and Domestic Partner section of the policy.  Additionally, for coverage to apply, **You** must comply with all **Your** obligations as outlined in the Notice of Claims, Notice of Potential Claims, and the rest of the policy**.**  The most **We** will pay is outlined in the Limits of Liability Section and items **We** will not pay are outlined in the Exclusions section.  **You** are responsible for payments as outlined in the Deductible section.

© Hiscox Inc. All rights reserved.



PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS

In consideration of the premium charged and in reliance on the statements made and information provided to **Us**, including but not limited to the statements made and information provided in and with the **Application**, which is made a part of this Policy, as well as subject to the Limits of Liability, the Deductible and all of the terms, conditions, limitations and exclusions of this Policy, **We** and **You** agree as follows:



**I. INSURING AGREEMENT, DEFENSE AND SETTLEMENT**

A. **INSURING AGREEMENT**

**We** shall pay on **Your** behalf **Damages** and **Claim Expenses** in excess of the Deductible resulting from any covered **Claim** that is first made against **You** during the **Policy Period** and reported to **Us** pursuant to the terms of the Policy for **Wrongful Acts** committed on or after the **Retroactive Date**.

**We** shall also pay on **Your** behalf all **Supplemental Payments** in connection with any covered **Claim** that is first made against **You** during the **Policy Period** and reported to **Us** pursuant to the terms of the Policy for **Wrongful Acts** committed on or after the **Retroactive Date**. No Deductible shall apply to **Supplemental Payments**.

B. **DEFENSE**

1. **We** shall have the right and the duty to defend any covered **Claim**, even if such **Claim** is groundless, false or fraudulent.

2. **We** shall have the right to appoint defense counsel upon being notified of such **Claim**.

3. Notwithstanding paragraph 2., **We** shall have no obligation to pay **Claim Expenses** until **You** have satisfied the applicable Deductible.

4. **Our** duty to defend shall terminate upon the exhaustion of the Limit of Liability as set forth in Item 3. of the Declarations.

C. **SETTLEMENT**

1. **We** shall have the right to solicit and negotiate settlement of any **Claim**.

2. **We** shall not, however, enter into a settlement without **Your** prior consent, which consent shall not be unreasonably withheld.

3. If **You** shall refuse to consent to any settlement recommended by **Us**, **Our** liability for such **Claim** shall not exceed the amount for which such **Claim** could have been settled plus **Claim Expenses** incurred up to the date of such refusal.

© Hiscox Inc. All rights reserved.



**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

**II.  NOTICE OF CLAIMS AND NOTICE OF POTENTIAL CLAIMS**

A.  **NOTICE OF CLAIMS**

1.  As a condition precedent to any coverage under this Policy, **You** shall give written notice to **Us** of any **Claim** as soon as practicable, but in all events no later than:

   a.  the end of the **Policy Period** (or any purchased **Optional Extended Reporting Period**); or

   b.  60 days after the end of the **Policy Period** (or any purchased **Optional Extended Reporting Period**) so long as such **Claim** is made within the last 60 days of such **Policy Period** (or any purchased **Optional Extended Reporting Period**).

2.  Such notice shall be sent to **Us** at the address set forth in Item 5. of the Declarations.

3.  Such notice shall include any and all documents related to such **Claim**, including every demand, notice, summons or other applicable information received by **You** or by **Your** representative.

B.  **NOTICE OF POTENTIAL CLAIMS**

If **You** first become aware during the **Policy Period** of any **Wrongful Act** that might be reasonably likely give rise to a covered **Claim**, **You** may give written notice to **Us** of such potential **Claim** during the **Policy Period**.  Such notice must include to the fullest extent possible:

1.  the identity of the potential claimant;
2.  the identity of the person(s) who allegedly committed the **Wrongful Act**;
3.  the date of the alleged **Wrongful Act**;
4.  specific details of the alleged **Wrongful Act**; and
5.  any written notice from the potential claimant describing the **Wrongful Act**.

If such notice is accepted as a "potential **Claim**," then any actual **Claim** that is subsequently made shall be deemed to have been first made on the date such "potential **Claim**" was first reported to **Us**.

Provided, however, **You** may not report "potential **Claims**" during any purchased **Optional Extended Reporting Period**.

C.  **OPTIONAL EXTENDED REPORTING PERIOD**

1.  If **We** or the **Named Insured** cancel or non-renew this Policy (as described by Endorsement hereto), then the **Named Insured** shall have the right to purchase for an additional premium an **Optional Extended Reporting Period**.  Provided,

© Hiscox Inc. All rights reserved.



however, the right to purchase an **Optional Extended Reporting Period** shall not apply if:

    a.  this Policy is canceled by **Us** for nonpayment of premium (as described by Endorsement hereto); or

    b.  the total premium for this Policy has not been fully paid.

2.  The **Optional Extended Reporting Period** will apply only to **Claims** that:

    a.  are first made against **You** and reported to **Us** during such **Optional Extended Reporting Period**; and

    b.  are for **Wrongful Acts** committed on or after the **Retroactive Date** but prior to the effective date of cancellation or non-renewal (as described by Endorsement hereto).

3.  The additional premium for such **Optional Extended Reporting Period** shall not exceed 200% of the annualized expiring premium for an **Optional Extended Reporting Period** of 3 years.

The additional premium for such **Optional Extended Reporting Period** shall be fully earned at the inception of such **Optional Extended Reporting Period**.

4.  Notice of election and full payment of the additional premium for the **Optional Extended Reporting Period** must be received within 30 days after the effective date of cancellation or non-renewal (as described by Endorsement hereto).  In the event the additional premium is not received within the 30 days, any right to purchase the **Optional Extended Reporting Period** shall lapse and no further **Optional Extended Reporting Period** shall be offered.

The Limits of Liability applicable during any purchased **Optional Extended Reporting Period** shall be the remaining available Limits of Liability under this canceled or non-renewed Policy (as described by Endorsement hereto). There shall be no separate or additional Limit of Liability available for any purchased **Optional Extended Reporting Period** and the purchase of any **Optional Extended Reporting Period** shall in no way increase the Limit of Liability set forth in Item 3. of the Declarations.

## III.  EXCLUSIONS

This Policy does not apply to and **We** shall have no obligation to pay any **Damages**, **Claim Expenses** or **Supplemental Payments** for any **Claim**:

A.  based upon or arising out of any actual or alleged fraud, dishonesty, criminal conduct, or any knowingly wrongful, malicious, or intentional acts or omissions; provided, however, that:

1.  **We** will pay **Claim Expenses** until there is a final adjudication establishing such conduct, at which time **You** shall reimburse **Us** for such **Claim Expenses**; and

2.  this exclusion shall not apply to otherwise covered intentional acts or omissions resulting in a **Personal Injury**.

 © Hiscox Inc. All rights reserved.

HISCOX

**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

B.  based upon or arising out of any actual or alleged gaining of any profit or advantage to which **You** were not legally entitled.

C.  based upon or arising out of any actual or alleged wrongful termination, retaliation or discrimination against or harassment of any past, present, future or potential **Employee**, including but not limited to any violations of federal, state or local statutory or common law.

D.  based upon or arising out of any actual or alleged **Wrongful Act** that:

1.  was committed prior to the **Retroactive Date**;
2.  has been the subject of any notice given under any other policy of which this Policy is a renewal or replacement; or
3.  **You** had knowledge of prior to the **Policy Period** and had a reasonable basis to believe that such **Wrongful Act** could give rise to a **Claim**; provided, however, that if this Policy is a renewal or replacement of a previous policy issued by **Us** providing materially identical coverage, the **Policy Period** referred to in this paragraph will be deemed to refer to the inception date of the first such policy issued by **Us**.

E.  brought by or on behalf of any federal, state or local government agency or professional or trade licensing organization; provided, however, this exclusion shall not apply to claims brought in their capacity as a client receiving **Your Professional Services**.

F.  brought by or on behalf of one **Insured** against another **Insured**.

G.  brought by or on behalf of any person or entity maintaining **Effective Control** of **You**.

H.  based upon or arising out of any actual or alleged violation of the following laws, including any similar provisions of any federal, state or local statutory or common law:

1.  the Securities Act of 1933 (as amended);
2.  the Securities Exchange Act of 1934 (as amended);
3.  any state blue sky or securities laws (as amended);
4.  the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (as amended);
5.  the Employee Retirement Income Security Act of 1974 (as amended);

including any rules or regulations promulgated thereunder.

I.  based upon or arising out of any actual or alleged obligation under any Workers' Compensation, Unemployment Compensation, Employers Liability or Disability Benefit Law, including any similar provisions of any federal, state or local statutory or common law.

J.  based upon or arising out of any actual or alleged liability of others that **You** assume under any contract or agreement unless such liability would have attached in the absence of such contract or agreement.

    © Hiscox Inc. All rights reserved.



K.  based upon or arising out of any actual or alleged **Bodily Injury** or **Property Damage**.

L.  based upon or arising out of any actual, alleged or threatened discharge, dispersal, release or escape of **Pollutants**, including any direction or request to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**.

M.  based upon or arising out of any actual or alleged infringement of any copyright, trademark, trade dress, trade name, service mark, service name, title, slogan or patent or theft of trade secret.

N.  based upon or arising out of any actual or alleged false or deceptive advertising of **Your** goods or services or misrepresentation in advertising of **Your** goods or services, including but not limited to any wrongful description of prices of **Your** goods or services or the quality or performance of **Your** goods or services.

O.  based upon or arising out of any actual or alleged breach of contract or breach of any implied or express warranty or guarantee; provided, however, this Exclusion shall not apply to:

   1.  any obligation you have to perform your **Professional Services** with reasonable skill or care; or
   2.  any liability **You** would have had in absence of such contract, warranty or guarantee.

P.  based upon or arising out of any actual or alleged violation of any federal, state or local statutes, ordinances or regulations regarding or relating to unsolicited telemarketing, solicitations, emails, faxes or any other communications of any type or nature, including but not limited to any "anti-spam" and "do-not-call" statutes, ordinances, or regulations.

Q.  based upon or arising out of any actual or alleged failure to procure or maintain adequate insurance or bonds.

R.  based upon or arising out of any actual or alleged failure to protect any non-public, personally identifiable information in **Your** care, custody or control.

S.  based upon or arising out of any actual or alleged actuarial services, medical or nursing services, insurance agent/broker services, legal services or services as an architect or engineer.

**IV.  LIMITS OF LIABILITY, DEDUCTIBLE AND RELATED CLAIMS**

A.  **LIMIT OF LIABILITY**

© Hiscox Inc. All rights reserved.



**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

Regardless of the number of **Claims** made during the **Policy Period** (or applicable **Extended Reporting Period**), the maximum that **We** shall be liable to pay for all covered **Damages**, **Claim Expenses** and **Supplemental Payments** shall be as follows:

1.  The amount set forth in Item 3.A. of the Declarations as "Each **Claim**" shall be the maximum amount for each covered **Claim**.

2.  The amount set forth in Item 3.B. of the Declarations as "Aggregate for all **Claims**" is the maximum amount for all **Claims** combined.

3.  Notwithstanding 1. and 2. above, **Our** liability for **Supplemental Payments** shall not exceed $250 per day for each **Insured** up to $5,000 per **Claim**, which amounts shall reduce the amounts described in 1. and 2. above.

B.  **DEDUCTIBLE**

1.  **We** shall not be responsible for payment of **Damages** or **Claims Expenses** until the Deductible amount has been satisfied.

2.  **We** may at **Our** discretion advance payment of **Damages** or **Claims Expenses** within the Deductible amount on **Your** behalf, but **You** shall reimburse **Us** for any such amounts as soon as **We** request such reimbursement.

3.  No Deductible amount shall apply to **Supplemental Payments**.

C.  **RELATED CLAIMS**

For purposes of the applicable Deductible and Limit of Liability, all **Claims** based upon or arising out of continuous, repeated, related or interrelated **Wrongful Acts** shall be considered a single **Claim** first made against **You** in the **Policy Period** the first such **Claim** was made.

**V.   OTHER MATTERS AFFECTING COVERAGE**

A.  **ESTATES, HEIRS, LEGAL REPRESENTATIVES, SPOUSES & DOMESTIC PARTNERS**

This Policy shall apply to **Claims** brought against:

1.  the heirs, executors, administrators, trustees in bankruptcy, assignees and legal representatives of any **Insured** in the event of such **Insured's** death or disability; or
2.  the legal spouse or legal domestic partner of any **Insured**;

but only:

1.  for the **Wrongful Acts** of such **Insured**; or

 © Hiscox Inc. All rights reserved.

**HISCOX**

**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

2. in connection with their ownership interest in property which the claimant seeks as recovery for actual or alleged **Wrongful Acts** of such **Insured**.

B. **INSURED DUTY TO COOPERATE**

**You** shall have the duty to cooperate with **Us** in the defense, investigation and settlement of any **Claim**, including but not limited to:

1. upon request, submit to examination and interrogation under oath by **Our** representative;
2. attend hearings, depositions and trials as requested by **Us**;
3. assist in securing and giving evidence and obtaining the attendance of witnesses;
4. provide written statements to **Our** representative and meet with such representative for the purpose of investigation and/or defense; and
5. provide all documents **We** may reasonably require.

C. **INSURED OBLIGATION NOT TO INCUR EXPENSE OR ADMIT LIABILITY**

**You** shall not, except at **Your** own cost, make any payment, incur any expense, admit any liability, settle any **Claim** or assume any obligation without **Our** prior consent.

D. **ACTION AGAINST THE INSURER**

No action shall be taken against **Us** unless:

1. **You** have complied fully with all the terms and conditions of this Policy; and
2. the amount of **Your** obligation to pay shall have been finally determined either by judgment against **You** after actual trial, or by written agreement between **You**, **Us** and the claimant.

No person or organization shall have any right under this Policy to join **Us** as a party to any **Claim** against **You** nor shall **We** be impleaded by **You** or **Your** legal representatives in any such **Claim**.

E. **OTHER INSURANCE**

This Policy shall be excess insurance over any other valid and collectable insurance available to **You**, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the Limit of Liability provided in this Policy.

F. **SUBROGATION**

1. In the event of any payment by **Us** under this Policy, **We** shall be subrogated to all of **Your** rights of recovery to such payment.

2. **You** shall do everything that may be necessary to secure and preserve such subrogation rights, including but not limited to the execution of any documents necessary to allow **Us** to bring suit in **Your** name.

---

    © Hiscox Inc. All rights reserved.



3. **You** shall do nothing to prejudice such subrogation rights without first obtaining **Our** written consent.

4. Any recovery shall first be paid to **Us** up to the amount of any **Damages**, **Claim Expenses** or **Supplemental Payments** that **We** have paid.  Any remaining amounts shall be paid to **You**.

5. Notwithstanding the above, no subrogation shall be had against any **Insured**.

G. **ALTERATION AND ASSIGNMENT**

No change in, modification of or assignment of interest under this Policy shall be effective unless made by written endorsement to this Policy signed by **Our** authorized representative.

H. **REPRESENTATIONS**

As a condition precedent of **Our** obligations under this Policy, **You** represent that:

1. the statements and representations made by **You** in the **Application** are true and are the basis of the Policy and are to be considered as incorporated into and constituting a part of this Policy;

2. the statements and representations made by **You** in the **Application** shall be deemed material to the acceptance of the risk assumed by **Us** under the Policy;

3. this Policy is issued in reliance upon the truth of the statements and representations made by **You** in the **Application**; and

4. in the event the **Application** contains misrepresentations which materially affect the acceptance of the risk assumed by **Us** under this Policy, this Policy shall be *void ab initio*.

I. **BANKRUPTCY OR INSOLVENCY**

**Your** bankruptcy or insolvency shall not relieve **Us** of any of **Our** obligations under this Policy.

J. **TERRITORY**

This Policy shall apply to **Wrongful Acts** committed anywhere in the world, provided that any action, arbitration, or other proceeding for, in relation to, or arising from the **Claim** is brought within the United States, its territories or possessions, or Canada.

K. **FALSE OR FRAUDULENT CLAIMS**

If any **Insured** shall commit fraud in proffering any **Claim** or regarding the amount or otherwise, this Insurance shall become void as to such **Insured** from the date such fraudulent claim is proffered.

L. **NAMED INSURED RESPONSIBILITIES**

© Hiscox Inc. All rights reserved.



It shall be the responsibility of the **Named Insured** to act on behalf of all other **Insureds** with respect to the following:

1. giving and receiving notice of cancellation and/or non-renewal (as described by Endorsement hereto);
2. payment of premium
3. receipt of return premiums;
4. acceptance of changes to this Policy; and
5. payment of Deductibles.

### M.  EXAMINATION OF YOUR BOOKS AND RECORDS

**We** may examine and audit **Your** books and records as they related to this Policy at any time during the **Policy Period** (or any purchased **Optional Extended Reporting Period**) or up to three years after the end of the **Policy Period** (or any purchased **Optional Extended Reporting Period**).

### N.  TITLES

Titles of sections of and endorsements to this Policy are inserted solely for convenience of reference and shall not be deemed to limit, expand or otherwise affect the provisions to which they relate.

## VI.  DEFINITIONS

A. **Application** means the signed application for the Policy, whether submitted on-line, over the phone or on paper, including any attachments and other materials or statements submitted in conjunction therewith. If this Policy is a renewal or replacement of a previous policy or policies issued by **Us**, **Application** shall also include all signed applications and other materials that were submitted therewith and attached thereto.

B. **Bodily Injury** means physical injury to or sickness, disease or death of a person, or mental injury, mental anguish, emotional distress, pain or suffering, or shock sustained by a person.

C. **Claim** means any written demand for **Damages** or for non-monetary relief.

D. **Claim Expenses** means the following that are incurred by **Us** or by **You** with **Our** prior written consent:

1. all reasonable and necessary fees, costs and expenses (including the fees of attorneys and experts) incurred in the investigation, defense and appeal of a **Claim**; and
2. premiums on appeal bonds, attachment bonds or similar bond.  Provided, however, **We** shall have no obligation to apply for or furnish any such bonds.

**Claim Expenses** shall not mean and **We** shall not be obligated to pay:

1. salaries, wages or expenses other than **Supplemental Payments**; or

     © Hiscox Inc. All rights reserved.



<div style="border:1px solid">

**PROFESSIONAL LIABILITY – US DIRECT ERRORS AND OMISSIONS**

</div>

    2.   the defense of any criminal investigation, criminal grand jury proceeding, or criminal action.

E.   **Damages** means a monetary judgment or monetary award that **You** are legally obligated to pay (including pre- or post-judgment interest) or a monetary settlement negotiated by **Us** with **Your** consent.

    **Damages** shall not mean and **We** shall not be obligated to pay:

    1.   fines, penalties, taxes, sanctions levied against **You**;
    2.   any punitive or exemplary damages or that portion of any multiplied damages award which exceeds the damage award so multiplied, provided, however, that, if such damages are otherwise insurable under applicable law and regulation, **We** will pay an award of punitive or exemplary damages in excess of the Deductible and up to a maximum sum of $250,000. This limit shall be a part of and not in addition to the Limit of Liability set forth in Items 3. of the Declarations;
    3.   the return, reduction or restitution of **Your** fees, commissions, profits, or charges for goods provided or services rendered, including any over-charges or cost over-runs;
    4.   liquidated damages; or
    5.   **Your** cost of complying with injunctive relief.

F.   **Effective Control** means:

    1.   ownership of more than 50% of the issued and outstanding voting securities; or
    2.   having the right pursuant to written contract, by-laws, charter, operating agreement or similar documents to elect, appoint or designate a majority of the board of directors, management committee members of a partnership or the members of the management board of a limited liability company (or equivalent management structure).

G.   **Employee** means any past, present or future:

    1.   employee (including any part-time, seasonal or temporary employee or any volunteer);
    2.   partner, director, officer, member or board member (or equivalent position);
    3.   independent contractor; or
    4.   leased worker;

    of an **Organization**, but only in their performance of **Professional Services** on behalf of or at the direction of such **Organization**.

H.   **Insured** means **You** or **Your**.

I.   **Named Insured** means the individual, corporation, partnership, limited liability company, limited partnership, or other entity set forth in Item 1 of the Declarations.

J.   **Optional Extended Reporting Period** means any applicable **Optional Extended Reporting Period** contemplated by the **OPTIONAL EXTENDED REPORTING PERIOD** Clause.

     © Hiscox Inc. All rights reserved.



K.  **Organization** means the **Named Insured** and any **Subsidiary**.

L.  **Personal Injury** means injury, other than **Bodily Injury**, arising out of one of more of the following offenses:

1.  false arrest, detention or imprisonment;
2.  malicious prosecution;
3.  wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of premises;
4.  slander, libel, defamation or disparagement of goods, products or services; or
5.  oral or written publication of material in connection with **Your** advertising that violates a person's right of privacy.

M.  **Policy Period** means the period of time set forth in Item 6. of the Declarations.

N.  **Pollutants** means any solid, liquid, gaseous, biological, radiological or thermal irritant or contaminant, including smoke, vapor, dust, fibers, mold, spores, fungi, germs, soot, fumes, acids, alkalis, chemicals and Waste.  "Waste" includes, but is not limited to, materials to be recycled, reconditioned or reclaimed and nuclear materials.

O.  **Professional Services** means only those services specified in Endorsement to this Policy as performed by or on behalf of an **Organization** for others for a fee or other compensation.

P.  **Property Damage** means physical loss of or physical damage to or destruction of any tangible property, including the loss of use thereof.  For purposes of this definition, "tangible property" shall not include electronic data.

Q.  **Retroactive Date** means the date set forth in Item 7. of the Declarations.

R.  **Subsidiary** means:

1.  any entity of which the **Named Insured** has **Effective Control** ("**Controlled Entity**") on or before the **Policy Period**, either directly or indirectly through one or more **Controlled Entities**;

2.  any entity of which the **Named Insured** forms or acquires **Effective Control** during the **Policy Period**, either directly or indirectly through one or more **Controlled Entities**, but only for the first 90 days after such formation or acquisition (or until the end of the **Policy Period**, whichever is earlier). Provided, however, with respect to a **Subsidiary** described in paragraph 2. of this definition, **We** shall only cover **Claims** alleging **Wrongful Acts** committed while the **Named Insured** had **Effective Control** of such **Subsidiary**, either directly or indirectly through one or more **Controlled Entities**.

An entity ceases to be a **Subsidiary** once the **Named Insured** no longer has **Effective Control** of such entity, either directly or indirectly through one or more **Controlled Entities**, and this Policy will not respond to **Claims** made against such entity thereafter.

    © Hiscox Inc. All rights reserved.



S.  **Supplemental Payments** means the reasonable expenses incurred by **You**, including loss of wages, if **You** are required by **Us** to attend arbitration proceedings or trial in the defense of a covered **Claim**.

T.  **We**, **Us**, **Our** or **Insurer** means the insurance company set forth in the Declarations.

U.  **Wrongful Act** means any actual or alleged breach of duty, negligent act, error, omission or **Personal Injury** committed by **You** in the performance of **Your Professional Services**.

V.  **You** or **Your** means any:

1.  **Organization**;
2.  **Employee**;
3.  joint venture in which an **Organization** participates pursuant to written agreement, but only for:

    a.  **Wrongful Acts** committed by such **Organization**; and
    b.  the percentage of otherwise covered **Damages** and **Claims Expenses** in proportion to such **Organization's** participation in the joint venture.

DPL P001 CW (05/13)    © Hiscox Inc. All rights reserved.



# Endorsements



**Hiscox Insurance Company Inc.**

Policy Number:     P100.205.151.3
Named Insured:     Abercrombie Insurance Services
Endorsement Number: 1
Endorsement Effective: 04/13/2022

### E5424.1 Blanket Additional Insured Endorsement (PL)

In consideration of the premium charged, it is understood and agreed that the Policy is amended as follows:

1. In Clause VI. **DEFINITIONS**, paragraph V., "'**You**' or '**Your**'," is amended to include the following at the end thereof:

    **You** or **Your** shall also include any **Additional Insured** but only for the **Wrongful Acts** of those contemplated in paragraphs 1., 2. or 3. of the definition of "'**You**' or '**Your**'":

2. The following definition is added to Clause VI. **DEFINITIONS**:

    AI-A.   **Additional Insured** means any person(s) or organization(s) with whom **You** have agreed in a written contract or agreement to add them as an additional insured to a policy providing the type of coverage afforded by this Policy, provided the contract or agreement:

    1. is currently in effect or becomes effective during the **Policy Period**; and
    2. was executed before the **Professional Services** from which the **Claim** arises were performed.

3. In Clause III. **EXCLUSIONS**, paragraph F. is deleted in its entirety and replaced with the following:

    F.   brought by or on behalf of one **Insured** against another **Insured**; provided, however, this Exclusion will not apply to any **Claim** brought by an **Additional Insured** in any capacity other than that of an **Additional Insured**.

All other terms and conditions remain unchanged.

**Hiscox Insurance Company Inc.**



**Endorsement 2**

NAMED INSURED: Abercrombie Insurance Services

**Insurance Agent Services Endorsement**                                                    Page 1 of 5

In consideration of the premium charged and on the understanding that this endorsement leaves all other terms, conditions, and exclusion unchanged, it is agreed that the Professional Liability – US Direct Errors and Omissions Insurance policy is amended as follows:

1.  In Clause VI. **DEFINITIONS**, paragraph O., "**Professional Services**," is deleted in its entirety and replaced with the following:

    O.     **Professional Services** means **Insurance Agent Services** performed for others for compensation.

2.  Clause VI. **DEFINITIONS** is amended to include the following at the end thereof:

    IA-A.     **Employee Benefit Plan** means any plan created or maintained by an employer or employee organization for the benefit of its employees, directors, partners, trustees, or officers, including but not limited to pension plans and employee welfare plans.

    IA-B.     **Insurance Agent Services** means insurance consulting services, insurance agent services, insurance broker services, and/or notary public services.

    IA-C.     **Personally Identifiable Information** means the following, in any form, that is in **Your** care, custody, or control, or in the care, custody, or control of any third party for whom **You** are legally liable:

        1.     non-public individually identifiable information as defined in any foreign, federal, state, or local statute, rule, or regulation, including but not limited to unsecured protected health information as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended, and any rule or regulation promulgated under HIPAA; or
        2.     any:
            a.     social security number or individual taxpayer identification number;
            b.     driver's license number or state identification number;
            c.     passport number;
            d.     credit card number; or
            e.     financial account number or debit card number in combination with any required security code.

3.  In Clause III. **EXCLUSIONS**, paragraph E. is deleted in its entirety and replaced with the following:

    E.     brought by or on behalf of any federal, state, or local government agency or professional, or trade licensing organization; provided, however, this exclusion will not apply to:

        1.     **Claims** brought in their capacity as a client receiving **Your Professional Services**; or
        2.     administrative or disciplinary proceedings coverage as described in this Endorsement.

4.  In Clause III. **EXCLUSIONS**, paragraph K. is deleted in its entirety and replaced with the following:

    K.     based upon or arising out of any actual or alleged **Bodily Injury** or **Property Damage**; however, this Exclusion will not apply to **Claims** arising from any advice **You** give or recommendations **You** make regarding insurance coverage in the performance of **Your Professional Services**.

5.  In Clause III. **EXCLUSIONS**, paragraph Q. is deleted in its entirety and replaced with the following:

**Hiscox Insurance Company Inc.**



**Endorsement 2**

NAMED INSURED: Abercrombie Insurance Services

**Insurance Agent Services Endorsement**                                            Page 2 of 5

Q.  based upon or arising out of any actual or alleged failure to procure or maintain insurance or bonds; however, this exclusion will not apply to **Your** failure to procure or maintain insurance or bonds for **Your** clients in the course of **Your** performance of **Professional Services**.

6.  In Clause III. **EXCLUSIONS**, paragraph R. is deleted in its entirety and replaced with the following:

R.  based upon or arising out of any actual or alleged:

1.  unauthorized acquisition, access, use, or disclosure of, improper collection or retention of, or failure to protect any non-public, **Personally Identifiable Information** or confidential corporate information in **Your** care, custody or control;
2.  violation of any privacy law or consumer data protection law protecting against the use, collection, or disclosure of any information about a person or any confidential corporate information;
3.  denial of service or delay, disruption, impairment, failure, or outage of any part of a computer system or network;
4.  unauthorized or unlawful access to any electronic data or any part of a computer system or network, including through the transmission of any malicious code, such as a computer virus, worm, logic bomb, malware, spyware, Trojan horse, or other fraudulent or unauthorized computer code; or
5.  threat, hoax, or demand relating to subparts 1 through 4 above.

However, this Exclusion will not apply to the extent any **Claim** is covered under the Personally Identifiable Information Sublimit set forth in Clause IV. **LIMITS OF LIABILITY, DEDUCTIBLE, AND RELATED CLAIMS**.

7.  In Clause III. **EXCLUSIONS**, paragraph S. is deleted in its entirety and replaced with the following:

S.  based upon or arising out of any actual or alleged actuarial services, medical or nursing services, legal services, or services as an architect or engineer.

8.  Clause III. **EXCLUSIONS** is amended to include the following at the end thereof:

This Policy does not apply to and **We** will have no obligation to pay any **Damages**, **Claim Expenses**, or **Supplemental Payments** for any **Claim**:

IA-A.  based upon or arising out of any actual or alleged commingling of or inability or failure to safeguard funds.

IA-B.  based upon or arising out of any actual or alleged compilation of audited financial statements.

IA-C.  based upon or arising out of the performance of or failure to perform audit attestation services.

IA-D.  based upon or arising out of the performance of any services in connection with mergers or acquisitions.

IA-E.  based upon or arising out of the performance of any services in connection with the valuation of any entity or tangible or intangible property.

IA-F.  based upon or arising out of any actual or alleged promise, warranty, or guarantee of the future value of any real or personal property.

IA-G.  based upon or arising out of any actual or alleged performance or failure to perform otherwise covered **Professional Services** without a valid and active license, certification, accreditation, or designation as may be required to perform such **Professional Services**.

**Hiscox Insurance Company Inc.**



<div align="center">

**Endorsement 2**

</div>

NAMED INSURED: Abercrombie Insurance Services

**Insurance Agent Services Endorsement**                                         Page 3 of 5

IA-H.   based upon or arising out of any actual or alleged performance or failure to perform investment advisory services, including but not limited to the following:

1.   the selection of any investment manager, investment advisory, custodial, or similar firm;
2.   the promise or guarantee of the future performance of value of investments, or rate of return or interest;
3.   the fluctuation in the value of any security;
4.   any failure of investments to perform as expected or desired; or
5.   acting as an investment advisor as defined in Section 202(11) of the Investment Advisors Act of 1940.

IA-I.   based upon or arising out of **Your** performance of or failure to perform **Professional Services** in connection with any of the following insurance products or services:

1.   Aviation insurance;
2.   Lawyers liability insurance;
3.   Mining insurance;
4.   Crop insurance;
5.   Long-haul trucking insurance;
6.   Ocean/wet marine insurance;
7.   Multiple Employer Welfare Arrangements (MEWA);
8.   Variable annuities, mutual funds, stocks, or investment bonds such as corporate, municipal, or U.S. Treasury bonds;
9.   Variable life insurance; or
10.  Indexed universal life insurance.

IA-J.   based upon or arising out of **Your** performance of or failure to perform **Professional Services** in the capacity as any:

1.   Managing General Agent (MGA);
2.   Managing General Underwriter (MGU);
3.   Reinsurance intermediary;
4.   Risk Retention Group (RRG)
5.   Professional Employer Organization (PEO);
6.   Program administrator or Third Party Administrator (TPA);
7.   Wholesale broker; or
8.   Health Maintenance Organization (HMO) plan creator, manager, and/or administrator.

IA-K.   based upon or arising out of any actual or alleged:

1.   false, deceptive, or unfair trade practices;
2.   unfair competition, impairment of competition, restraint of trade, or antitrust violations; or
3.   violation of the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, all including as may be amended, or any similar federal, state, or local statutes, rules, or regulations in or outside the U.S.

IA-L.   based upon or arising out of any actual or alleged insolvency, receivership, bankruptcy, liquidation, or financial inability of any **Employee Benefit Plan** or insurance company.

IA-M.   based upon or arising out of any actual or alleged sale of any **Employee Benefit Plan**.

IA-N.   based upon or arising out of any actual or alleged:

**Hiscox Insurance Company Inc.**



**Endorsement 2**

NAMED INSURED: Abercrombie Insurance Services

**Insurance Agent Services Endorsement**                                                    Page 4 of 5

       1.    collection of **Personally Identifiable Information** by **You** or by others on **Your** behalf without the knowledge or permission of the person to whom the **Personally Identifiable Information** relates; or

       2.    use of **Personally Identifiable Information** by **You** or by others on **Your** behalf in violation of applicable law.

However, this Exclusion will not apply to the extent any **Claim** is covered under the Personally Identifiable Information Sublimit set forth in Clause IV. **LIMITS OF LIABILITY, DEDUCTIBLE, AND RELATED CLAIMS**.

9.   Clause IV. **LIMITS OF LIABILITY, DEDUCTIBLE, AND RELATED CLAIMS** is amended to include the following at the end thereof:

IA-A.   **PERSONALLY INDENTIFIABLE INFORMATION SUBLIMIT**

**We** will pay **Damages** and **Claim Expenses**, but not any fines or penalties, in excess of the Deductible up to $25,000 for any **Claims** made against **You** based upon or arising out of any actual or alleged failure to protect any **Personally Identifiable Information** in **Your** care, custody, or control in the performance of **Your Professional Services**. Such sublimit of liability will be part of, and not in addition to, any applicable Limit of Liability.

IA-B.   **ADMINISTRATIVE AND DISCIPLINARY PROCEEDING COVERAGE**

**We** will reimburse **You** up to $5,000 (the "**Administrative and Disciplinary Proceeding Sublimit**") for the reasonable and necessary expenses incurred by **You** with **Our** prior written consent in the defense of an administrative or disciplinary proceeding first brought against **You** during the **Policy Period** for any **Wrongful Acts** committed or allegedly committed on or after the **Retroactive Date** and reported to **Us** in accordance with Clause II. **NOTICE OF CLAIMS AND NOTICE OF POTENTIAL CLAIMS**.

**We** will have the right, but not the duty, to assume the defense of such administrative or disciplinary proceedings as described above.

Notwithstanding anything in the Policy to the contrary, no Deductible will apply to payments made under the **Administrative and Disciplinary Proceeding Sublimit**, and such payments will be part of and will reduce the available Limit of Liability.

**We** will not be obligated to reimburse **You** for: (i) any fines, penalties, or sanctions assessed against **You**; or (ii) any of **Your** expenses, salaries, wages, benefits, or overhead.

The **Administrative and Disciplinary Proceeding Sublimit** is the maximum **We** will pay during the **Policy Period**, regardless of the number of administrative or disciplinary proceedings brought against **You** during the **Policy Period** or the number of **Insureds** involved.

All other terms and conditions remain unchanged.

**Hiscox Insurance Company Inc.**



**Endorsement 2**

NAMED INSURED: Abercrombie Insurance Services

**Insurance Agent Services Endorsement**                                     Page 5 of 5

Endorsement effective:  April 13, 2022                    Policy No.:  P100.205.151.3
Endorsement No:          2

By: Kevin Kerridge
(Appointed Representative)

                                                                        DPL E5626 CW (08/21)

**Hiscox Insurance Company Inc.**



<div align="center">

**Endorsement 3**

</div>

NAMED INSURED: Abercrombie Insurance Services

<u>**South Carolina Amendatory Endorsement**</u>                                                Page 1 of 2

This endorsement modifies insurance provided under the following:

**PROFESSIONAL LIABILITY - ERRORS AND OMISSIONS INSURANCE**

In consideration of the premium charged, it is understood and agreed that the Policy is modified as follows:

1.  Section V. **OTHER MATTERS AFFECTING COVERAGE** is amended to include the following at the end thereof:

    **CANCELLATION**

    <u>Notice of Cancellation</u>

    The **Named Insured** may cancel this Policy by giving **Us** advance written notice stating when thereafter such cancellation shall be effective. If the **Named Insured** cancels this Policy, the refund may be less than pro rata. Provided, however, if this Policy shall be cancelled by the **Named Insured** within 14 days of the inception of the **Policy Period** without having submitted a **Claim**, **We** shall return in full any premium amount actually paid to **Us**. In such event, the effective date of cancellation shall be deemed to be the inception date of the **Policy Period**.

    **We** may also cancel this Policy by mailing to the **Named Insured** and its agent by registered, certified or other first class mail, at the address shown in the Declarations, written notice stating when not less than thirty (30) days thereafter (or ten (10) days thereafter when cancellation is due to non-payment of premium), the cancellation shall be effective. The mailing of such notice shall be sufficient proof of notice and this Policy shall terminate at the date and hour specified in such notice. If **We** cancel this Policy, any return premium shall be calculated pro rata. Payment or tender of any unearned premium by **Us** shall not be a condition precedent to the effectiveness of the cancellation, but such payment shall be made as soon as practicable.

    If this Policy has been in effect for at least one hundred twenty (120) days or is a renewal of a Policy issued by **Us**, **We** may only cancel this Policy for one or more of the following reasons:

    (a)  Non-payment of premium;

    (b)  Material misrepresentation of fact which, if known to **Us**, would have caused **Us** not to issue the Policy;

    (c)  Substantial change in the risk assumed, except to the extent that **We** should reasonably have foreseen the change or contemplated the risk in writing the Policy;

    (d)  Substantial breaches of contractual duties, conditions or warranties; or

    (e)  Loss of **Our** reinsurance covering all or a significant portion of the particular policy insured, or where continuation of the Policy would imperil our solvency or place **Us** in violation of the insurance laws of South Carolina. Prior to cancellation for reasons permitted in this item, **We** shall notify the Commissioner or his designee, in writing, at least sixty (60) days prior to such cancellation and the Commissioner or his designee shall, within thirty (30) days of such notification, approve or disapprove such action.

    <u>Nonrenewal</u>

    If **We** elect not to renew this Policy, **We** will mail or deliver to the **Named Insured** and its agent written notice of nonrenewal stating the reason(s) for nonrenewal:

    (a)  not less than sixty (60) days before the end of the **Policy Period**, when nonrenewal is to become effective between November 1 and May 31: or

**Hiscox Insurance Company Inc.**



**Endorsement 3**

NAMED INSURED: Abercrombie Insurance Services

<u>**South Carolina Amendatory Endorsement**</u>                                             Page 2 of 2

     (b)    not less than ninety (90) days before the end of the **Policy Period**, when nonrenewal is to become effective between June 1 and October 31.

**We** will mail or deliver the notice of nonrenewal to the **Named Insured** at the last mailing address known to **Us**. If the notice of nonrenewal is mailed, proof of mailing will be sufficient proof of notice.

2.  Section VI. **DEFINITIONS**, Paragraph E. **Damages** is modified to the extent necessary to provide the following:

In compliance with the laws of the State of South Carolina, the definition of **Damages** shall specifically include (subject to the policy's other terms, conditions and exclusions) punitive, exemplary and multiple damages in any instances where the laws of the State of South Carolina govern the **Claim**.

3.  The Policy is amended by adding the following Clause at the end thereof:

<u>**Policy Conflicts**</u>

To the extent any term or condition contained in the Policy or any Endorsement attached thereto conflicts with any term or condition contained in this or any other State Amendatory Endorsement attached to the Policy, such terms and conditions most favorable to the Insured shall apply.

All other terms and conditions remain unchanged.

Endorsement effective: April 13, 2022                    Policy No.: P100.205.151.3
Endorsement No:     3

By: Kevin Kerridge
(Appointed Representative)

DPL E5121 SC (01/10)



# Notices

**HISCOX**

**Policyholder Notice**
**Electronic Delivery**

If you received your insurance policy by email, it is because you have chosen electronic delivery of your policy documents and important notices, including cancellation and nonrenewal notices where permitted by law.  We also will send any renewal policy documents to you by email at the address you have provided.

If you are currently receiving paper documents and would like to have ease of retrieval and access and save on storage space, you will need to contact us and update your preferences.  Most documents can be sent electronically within minutes.  For electronic documents, you will need a computer or mobile device with Internet access and the ability to receive external emails.  You also will need software such as Adobe Reader® that allows you to view and save PDF documents, and a printer to create paper copies.

At any time you may request a paper copy of your policy, or you may withdraw your consent to receive documents by email.  We will then send documents to you by US mail at no added cost.

You must notify us if your email or street address changes.  To update your email or street address, or to request paper documents, please contact us at 888-202-3007.

INT N003 CW (01/19)

# HISCOX

**Hiscox Insurance Company Inc.**

## ECONOMIC AND TRADE SANCTIONS POLICYHOLDER NOTICE

Hiscox is committed to complying with the U.S. Department of Treasury Office of Foreign Assets Control (OFAC) requirements. OFAC administers and enforces economic sanctions policy based on Presidential declarations of national emergency.  OFAC has identified and listed numerous foreign agents, front organizations, terrorists, and narcotics traffickers as Specially Designated Nationals (SDN's) and Blocked Persons.  OFAC has also identified Sanctioned Countries.  A list of Specially Designated Nationals, Blocked Persons and Sanctioned Countries may be found on the United States Treasury's web site http://www.treas.gov/offices/enforcement/ofac/.

Economic sanctions prohibit all United States citizens (including corporations and other entities) and permanent resident aliens from engaging in transactions with Specially Designated Nationals, Blocked Persons and Sanctioned Countries.  Hiscox may not accept premium from or issue a policy to insure property of or make a claim payment to a Specially Designated National or Blocked Person.  Hiscox may not engage in business transactions with a Sanctioned Country.

A Specially Designated National or Blocked Person is any person who is determined as such by the Secretary of Treasury.

A Sanctioned Country is any country that is the subject of trade or economic embargoes imposed by the laws or regulations of the United States.

In accordance with laws and regulations of the United States concerning economic and trade embargoes, this policy may be rendered void from its inception with respect to any term or condition of this policy that violates any laws or regulations of the United States concerning economic and trade embargoes including, but not limited to the following:

(1)  Any insured under this Policy, or any person or entity claiming the benefits of such insured, who is or becomes a Specially Designated National or Blocked Person or who is otherwise subject to US economic trade sanctions;

(2)  Any claim or suit that is brought in a Sanctioned Country or by a Sanctioned Country government, where any action in connection with such claim or suit is prohibited by US economic or trade sanctions;

(3)  Any claim or suit that is brought by any Specially Designated National or Blocked Person or any person or entity who is otherwise subject to US economic or trade sanctions;

(4)  Property that is located in a Sanctioned Country or that is owned by, rented to or in the care, custody or control of a Sanctioned Country government, where any activities related to such property are prohibited by US economic or trade sanctions; or

(5)  Property that is owned by, rented to or in the care, custody or control of a Specially Designated National or Blocked Person, or any person or entity who is otherwise subject to US economic or trade sanctions.

Please read your Policy carefully and discuss with your broker/agent or insurance professional.  You may also visit the US Treasury's website at http://www.treas.gov/offices/enforcement/ofac/.